DANIEL A. REIDY (SBN 139321)
LUISA M. BONACHEA (SBN 267664)
REIDY LAW GROUP
1230 Spring Street
St. Helena, CA 94574
Telephone: (707) 963-3030
Fax: (707) 963-3130
dan@reidylawgroup.com
luisa@reidylawgroup.com

*Attorneys for Plaintiff Blackbird Vineyards, LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACKBIRD VINEYARDS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TURKOVICH FAMILY WINES, LLC dba BLACKSWIFT CELLARS, WINE BRIDGE IMPORTS, INC., and DOES 1 through 10,<br><br>Defendants. | CASE NO. 3:18-cv-02724<br><br>**PLAINTIFF BLACKBIRD VINEYARDS, LLC'S COMPLAINT**<br><br>1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition & Trade Dress Infringement**<br>3. **Federal Trademark Dilution**<br>4. **California Unfair Competition**<br>5. **California Trademark Dilution**<br>6. **Common Law Trademark Infringement**<br>7. **Common Law Trade Dress Infringement**<br>8. **Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Blackbird Vineyards, LLC ("Blackbird" or "Plaintiff") for its Complaint against Defendant Turkovich Family Wines, LLC, a California limited liability company doing business as Blackswift Cellars, and Wine Bridge Imports, Inc., a California corporation, and DOES 1 THROUGH 10 (collectively, "Defendants"), alleges as follows:

## INTRODUCTION

1.      This is an action to redress violations of federal trademark, trade dress, dilution and unfair competition laws (15 U.S.C. § 1114 *et seq*., and § 1125 *et seq*.), California's trademark dilution and unfair competition laws (Cal. Bus. & Prof. Code §§ 14247 and 17200 *et seq*.) and common law trademark and trade dress infringement and unfair competition as a result of Defendants' willful and unauthorized use of a trademark and trade dress in connection with the sale of wine that is confusingly similar to Plaintiff's trademarks and trade dress to sell wine, as more fully set forth herein.  Plaintiff seeks injunctive relief restraining Defendants' infringement of Plaintiff's trademarks and trade dress, monetary damages, attorney's fees and costs, declaratory relief and such other relief as shall be deemed just and proper by the Court.

## THE PARTIES

2.      Plaintiff is a limited liability company organized and existing under the laws of California with an office at 831 LaTour Court, Napa, California 94558.  Plaintiff owns and operates a winery located in Napa Valley that has been producing and selling wine throughout the United since 2002, including wine under the federally-registered trademark BLACKBIRD VINEYARDS.

3.      On information and belief, Defendant Turkovich Family Wines, LLC ("TFW") is a California limited liability company organized and existing under the laws of California with an office at 24901 Buckeye Road, Winters, California 95694 and is doing business as Blackswift Cellars.  On information and belief, TFW produces, markets and distributes a wine under the trademark BLACKSWIFT.

4.      On information and belief, Defendant Wine Bridge Imports, Inc. ("WBI") is a California corporation organized and existing under the laws of California, with an office at 2050 Lyndell Terrace, Suite 230, Davis, California 95616.  On information and belief, WBI markets and distributes a wine under the trademark BLACKSWIFT.

5.      The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names (collectively, with Defendants, referred to as "Defendants").  Plaintiff will seek leave of the Court to amend this Complaint when the names and capacities of said

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

Defendants have been ascertained.

6.     Plaintiff is informed and believes, and on such information and belief alleges, that at all times herein mentioned Defendants DOES 1 through 10, inclusive, were the agents, employees, consultants, principals, employers or masters of each co-Defendant and each Defendant has ratified, adopted or approved the acts or omissions hereinafter set forth of each and every remaining Defendant. Plaintiff is further informed and believes, and on such information and belief alleges, that each fictitiously named Defendant is responsible in some manner for acts and/or omissions alleged.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the Lanham Act and trademark laws of the United States.  The Court has pendant jurisdiction over the related claims pursuant to 28 U.S.C. §1338(b).

8.     This Court has personal jurisdiction over Defendants and venue is proper pursuant to 28 U.S.C. § l391(b) because, *inter alia*, (a) Defendants and/or their agents are doing substantial business in this District; (b) events giving rise to the claims alleged herein occurred or will occur in interstate commerce, in the State of California, and in this District,  as a result of Defendants' violations of the asserted trademarks and trade dress as alleged below; and (c) Defendants and/or their agents have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.

9.     Pursuant to Civil Local Rule 3-2(c), this is an intellectual property matter that is to be assigned on a district-wide basis.

## FACTS COMMON TO ALL CLAIMS

10.     Since 2002, Blackbird has consistently marketed, promoted and sold wines under the trademark BLACKBIRD VINEYARDS and owns a valid federal trademark registration, U.S. Registration No. 2939382, for the mark BLACKBIRD VINEYARDS that registered on April 12, 2005 in Class 33 for "wines."

11.     Blackbird also owns the following federal trademark registrations, among others, bearing bird flock imagery (collectively, the "Blackbird Marks") and has consistently marketed, promoted and sold wines under one or more of the Blackbird Marks since as early as 2005.

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

| Reg. No. | Mark | Glass/Goods | First Use | Filing Date | Reg. Date |
|---|---|---|---|---|---|
| 3549365 | | 033 Wines | 5/26/05 | 3/14/08 | 12/23/08 |
| 3862691 | | 033 Wines | 06/30/08 | 8/18/09 | 10/19/10 |
| 3770806 | | 033 Wines | 3/26/08 | 8/18/09 | 4/6/10 |
| 4957409 | | 033 Alcoholic beverages except beers | 9/1/15 | 6/16/15 | 5/10/16 |

Attached hereto as **Exhibit A** is a true and correct copy of the aforementioned registrations.

12.    The above registrations are valid, subsisting, and conclusive evidence of the validity of the Blackbird Marks, Plaintiff's ownership of the Blackbird Marks, and Plaintiff's exclusive right to use the Blackbird Marks in commerce on or in connection with wine.

13.    Further, three of the above registrations are deemed legally incontestable. *See, e.g.*,

4

U.S. Reg. Nos. 3862691, 3770806, 3549365.

14.     Since 2005, Plaintiff has sold millions of bottles of wine bearing the Blackbird Marks and distinctive trade dress and is well-known throughout the country for the Blackbird Marks for wine. Plaintiff's wine products bearing the Blackbird Marks have received widespread recognition in national trade and consumer publications, including The Wall Street Journal, Wine Enthusiast, Financial Times, Wine Spectator, Forbes.com, Food & Wine, Bloomberg, InStyle, O Magazine, Chicago Tribune, Playboy, Town & Country, Travel+Leisure, Vanity Fair, Sunset Magazine, and others.

15.     Further, since as early as 2012, Blackbird has used the mark BLACKMAIL to promote, advertise and market its wine goods and wine club services and owns valid federal trademark registrations (Nos. 5176233 and 5112032) for the mark BLACKMAIL in Class 33 for alcoholic beverages except beers, Class 35 for wine club services and Class 40 for wine delivery services.

16.     Blackbird's trade dress consists of a graphic image of a silhouette of a flock of black birds set against a white background with brand wording in bold, capitalized letters.  This unique trade dress is inherently distinctive and non-functional.

17.     Defendants' use of confusingly similar blackbird imagery **as well as** their use of a mark with the prefix BLACK on identical goods infringe Plaintiff's trademarks and trade dress and trade upon Plaintiff's reputation and goodwill.

18.     Plaintiff has invested a substantial amount of time, effort and money in promoting and producing its Blackbird Marks and trade dress and ensuring the high quality of goods provided under the Blackbird Marks.  As a result of Plaintiff's investment of substantial financial resources, extensive marketing efforts and widespread sales for over a decade throughout the United States, the Blackbird Marks have acquired significant goodwill. The Blackbird Marks are widely-recognized and respected by consumers through the United States, as well as by members of the trade, as an exclusive designation of source for the goods of Plaintiff.  As a result of the widespread and continuous distribution, promotion and sale of wine under the Blackbird Marks and trade dress, these marks and trade dress have acquired distinctiveness among wine consumers.

19.     On information and belief, TFW and WBI are involved in the production, distribution, marketing and sale of a wine called BLACKSWIFT.

20. On information and belief, on May 3, 2016, TFW filed a Certification of Label Approval ("COLA") with the Department of Treasury's Alcohol and Tobacco Tax and Trade Bureau which indicates that it intended to sell wine under the mark BLACKSWIFT bearing bird flock imagery (hereinafter the "Blackswift Mark"). Attached hereto as **Exhibit B** is a true and correct copy of COLA No. 16124001000447 issued on May 31, 2016, well after the release of Plaintiff's wines bearing the Blackbird Marks. The COLA identifies Carolina Bistué as "winemaker" of the BLACKSWIFT wine.

21. On information and belief, on December 7, 2015, TFW filed a Fictitious Business Name statement that it was doing business as "Blackswift Cellars" with the Yolo County Clerk-Recorder.

22. On information and belief, WBI is involved in the distribution, marketing and sale of a wine called BLACKSWIFT.

23. On information and belief, WBI owns U.S. Registration No. 4794587 for the mark BLACKSWIFT for "wine" filed on January 7, 2015 and registered on August 18, 2015.

24. On information and belief, German Bistué ("Bistué") is Chief Financial Officer of WBI.

25. On information and belief, Defendants produced eighty (80) twelve-bottle cases of BLACKSWIFT wine in 2014 and one hundred twenty (120) twelve-bottle cases in 2015, with a total retail value exceeding $57,000.

26. On or around April 20, 2016, Plaintiff became aware that Defendants were using the Blackswift Mark and that Defendants' Blackswift Mark and trade dress were strikingly similar to Plaintiff's Blackbird Marks and trade dress. Attached hereto as **Exhibit C** and submitted below are side-by-side images of Plaintiff's and Defendants' wine products and trade dress.



COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

27. Promptly thereafter, on or around April 22, 2016, Plaintiff sent correspondence to WBI requesting that it cease use of the Blackswift Mark in connection with wine. Over the next several months, the parties corresponded regarding Defendants' use of the Blackswift Mark. At one point in time during these extended negotiations, Defendants indicated that they would change its wine label in a manner that would avoid confusion, however, after some time it became clear Defendants had no intention to do so. Ultimately, Defendants refused to cease use of the Blackswift Mark or confusingly similar trade dress.

28. Defendants' design mark and trade dress are confusingly similar to the long-standing Blackbird Marks and the harm arising from this similarity is exacerbated by Defendants' use of the prefix BLACK and relatedness of Plaintiff's and Defendants' goods, both of which are wine.

29. Defendants' adoption and use of the Blackswift Mark for wine is subsequent to Plaintiff's adoption, use and registration of its Blackbird Marks for wine.

30. Plaintiff and Defendants are in the same industry, specifically wine, and offer for sale the same products, specifically red wine from California, to the same target customers.

31. Defendants and Plaintiff advertise, distribute, and/or sell their wine products in the same or similar trade channels.

32. Defendants' use of the Blackswift Mark to promote and advertise wine has caused actual confusion and/or is likely to cause confusion, mistake or to deceive as to source, sponsorship, and/or affiliation in relation to Plaintiff's Blackbird Marks and create a false association that the marks are affiliated or derive from the same source.

33. Defendants' use of the Blackswift Mark to promote and advertise their wine harms Plaintiff's goodwill and significantly dilute Plaintiff's trademarks and trade names.

34. Defendants' use of the Blackswift Mark for wine is likely to create the erroneous impression that Defendants' goods originate from or are associated with Plaintiff, that Plaintiff is responsible for Defendants' goods or that Defendants' use is endorsed by or is in some way connected to Plaintiff, all to Plaintiff's injury and harm. Plaintiff will be harmed by such confusion as Defendants' brand will unjustly benefit from the false association with Plaintiff's mark.

35. Plaintiff is informed and believes, and thereon alleges, that Defendants will continue to

use the Blackswift Mark in a false or deceptive manner to promote their wine unless enjoined from such use. Unless restrained and enjoined, Defendants will continue to engage in the acts alleged herein and expand their use of the Blackswift Mark, causing irreparable damage to Plaintiff.  Plaintiff's remedy at law is not adequate to compensate Plaintiff for all the injuries resulting from Defendants' actions.

36.    Defendants are well aware of Plaintiff's trademark rights in the Blackbird Marks. Further, by virtue of Plaintiff's federal trademark registrations, Defendants had constructive knowledge of Plaintiff's registered Blackbird Marks and senior rights in the marks.  As a result, Defendants committed their acts of infringement with full knowledge of Plaintiff's rights in the Blackbird Marks.  Defendants acted willfully, deliberately, and have maliciously engaged in the described acts with intent to injure Plaintiff and to deceive the public.  At a minimum, Defendants have acted with knowledge and reckless disregard of Plaintiff's registered trademarks.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. § 1114 *et. seq.*)

37.    Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 36 inclusive, and incorporates the said allegations as though fully set forth herein.

38.    As set forth above, Plaintiff owns the registrations bearing the Blackbird Marks. Plaintiff has used its registered Blackbird Marks continuously in commerce for wine goods and related goods and services and said marks identify and distinguish Plaintiff's goods.

39.    Defendants' activities as alleged herein are without Plaintiff's permission or authority.

40.    Defendants' activities and conduct as alleged in this Complaint are in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114(a) in that Defendants are using their confusingly similar Blackswift Mark to advertise and promote their products by creating a false association between their wine goods and Plaintiff's wine goods.

41.    Defendants' use of the Blackswift Mark for wine causes actual confusion and is likely to cause further confusion and mistake as to the source of the product and/or sponsorship, ownership, or affiliation of Plaintiff's goods.

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

42.     On information and belief, Defendants has developed, advertised, marketed and/or distributed their infringing products with knowledge of Plaintiff's Blackbird Marks and with willful and calculated purposes of misleading, deceiving or confusing customers and the public as to the origin of the infringing products and trading upon Plaintiff's business reputation and goodwill. This is an exceptional case under 15 U.S.C. § 1117(a).

43.     As a result of their wrongful conduct, Defendants are liable to Plaintiff for trademark infringement.  Plaintiff has suffered, and will continue to suffer, losses including, but not limited to, damage to its business reputation and goodwill.

44.     Plaintiff is entitled to recover damages, which include its losses and all profits Defendants has made as a result of their wrongful conduct, under 15 U.S.C. § 1117(b).

45.     Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116(a) as it has no adequate remedy at law as Defendants continue to develop, advertise or sell their goods to the same consumers as Plaintiff as well as through the same channels.  Plaintiff is entitled to injunctive relief as its business reputation and goodwill will be irreparably harmed if Defendants' wrongful activities continue and consumers and/or potential consumers and the public are confused and/or are likely to become further confused, mistaken or deceived as to the source, origin or authenticity of the infringing goods.

46.     Plaintiff is entitled to recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION & TRADE DRESS INFRINGEMENT

### (15 U.S.C. §§ 1125(a) *et seq.*)

47.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 46 inclusive, and incorporates the said allegations as though fully set forth herein.

48.     For over a decade, Plaintiff has continuously and pervasively used the Blackbird Marks and trade dress.

49.     Plaintiff is informed and believes, and alleges, that Defendants' use of the Blackswift Mark for wine has resulted in customer confusion or is likely to result in confusion and that Defendants have engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin, sponsorship and authenticity of the products

offered, marketed, distributed, and/or sold by it by wrongful association with Plaintiff's Blackbird Marks and trade dress.

50.     Defendants' conduct constitutes false or misleading representation that wine products bearing the Blackswift Mark originate from, or are sponsored, endorsed, approved, associated, or are authorized by Plaintiff, all in violation of 15 U.S.C. § 1125(a). Defendants' unauthorized use of their infringing trade dress, which is confusingly similar to Blackbird's trade dress, in connection with and to identify their wines, constitutes trade dress infringement in violation of 15 U.S.C. § 1125(a).

51.     Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

52.     As a result of Defendants' wrongful conduct, Plaintiff has suffered and will continue to suffer losses, including, but not limited to, sales revenues illegally and unfairly captured by Defendants and damage to Plaintiff's business reputation and goodwill.

53.     Plaintiff is entitled to injunctive relief enjoining Defendants' wrongful conduct pursuant to 15 U.S.C. § 1125(a) and to an order impounding all products or materials bearing imitation marks being used, offered, advertised, distributed and/or sold by Defendants.

**THIRD CLAIM FOR RELIEF**

**FEDERAL TRADEMARK DILUTION**

**(15 U.S.C. § 1125)**

54.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 53 inclusive, and incorporates the said allegations as though fully set forth herein.

55.     The Blackbird Marks are famous within the meaning of the Trademark Dilution Act of 2006, and widely recognized by the consuming public of the United States.

56.     Defendants' use of the confusingly similar name BLACKSWIFT and blackbird flock imagery in connection with wine occurred long after Plaintiff's first use of the Blackbird Marks and long after they became famous.

57.     As a result of Defendants' production, promotion and sale of wines using the confusingly similar Blackswift Mark, Plaintiff has and will continue to suffer damages to its business, reputation and goodwill, as well as the loss of sales and profits which Plaintiff would have made but for Defendants' acts and which has resulted in profits to Defendants.

58.     Unless and until enjoined and restrained by order of this Court to cease use of the

confusingly similar Blackswift Mark, Defendants will continue to cause great and irreparable injury to Plaintiff. Customers and potential customers will associate Defendants and their products with Plaintiff. The goodwill and reputation Plaintiff has established in its famous Blackbird Marks will be cheapened and tarnished.

59.     Plaintiff has no adequate remedy at law for Defendants' dilution of the Blackbird Marks and thus is entitled to injunctive relief.

### FOURTH CLAIM FOR RELIEF

### CALIFORNIA UNFAIR COMPETITION

**(California Business & Professions Code §§ 17200 *et. seq.*)**

60.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 59, inclusive, and incorporates the said allegations as though fully set forth herein.

61.     Defendants' conduct as alleged herein constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*, in that Defendants' conduct constitutes trademark and trade dress infringement and deliberate unfair competition in wanton disregard of Plaintiff's valuable intellectual property rights.

62.     Upon information and belief, Defendants have profited from their infringing acts and acts of unlawful and unfair competition.

63.     Plaintiff and Defendants are in direct competition as they advertise and offer for sale the same products (wine), to the same target customers, and operate in the same advertising space, including retail store locations.

64.     As a direct and proximate result of the unfair and illegal conduct and representations to consumers and the public by Defendants as herein alleged, Plaintiff has been damaged in an amount not yet ascertained and continues to be damaged.  These wrongful acts have proximately caused and/or will continue to cause Plaintiff substantial injury, including confusion in the marketplace, wrongful association, dilution of its goodwill, confusion of trade partners and potential customers, injury to its reputation, and diminution in value of its trademarks, trade dress, and trade name.  These actions are causing imminent irreparable harm and injury to Plaintiff.

65.     As a result of Defendants' wrongful conduct, Plaintiff is entitled to recover from

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

Defendants the gains, profits, and advantages Defendants have obtained as a result of their wrongful acts as herein alleged and said amounts should be disgorged and restitution made to Plaintiff.

### FIFTH CLAIM FOR RELIEF

### CALIFORNIA TRADEMARK DILUTION

### (California Business & Professions Code § 14247 *et. seq.*)

66.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 65, inclusive, and incorporates the said allegations as though fully set forth herein.

67.     The Blackbird Marks are famous and widely recognized by the general wine consuming public of the State of California.

68.     Defendants' use of the confusingly similar name BLACKSWIFT and blackbird flock imagery in connection with wine occurred long after Plaintiff's first use in California of the Blackbird Marks and long after they became famous.

69.     Defendants' use of the Blackswift Mark has and will continue to dilute the distinctive quality and character of the famous Blackbird Marks in violation of Bus. & Prof. Code § 14247.

70.     As a result of Defendants' production, promotion and sale of wines using the confusingly similar Blackswift Mark, Plaintiff has and will continue to suffer damages to its business, reputation and goodwill, as well as the loss of sales and profits which Plaintiff would have made but for Defendants' acts and which has resulted in profits to Defendants.

71.     Unless and until enjoined and restrained by order of this Court to cease use of the confusingly similar Blackswift Mark, Defendants will continue to cause great and irreparable injury to Plaintiff. Customers and potential customers will associate Defendants and their products with Plaintiff. The goodwill and reputation Plaintiff has established in its famous Blackbird Marks will be cheapened and tarnished.

72.     Plaintiff has no adequate remedy at law for Defendants' dilution of the Blackbird Marks and thus is entitled to injunctive relief.

### SIXTH CLAIM FOR RELIEF

### COMMON LAW TRADEMARK INFRINGEMENT

73.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 72,

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

inclusive, and incorporates the said allegations as though fully set forth herein.

74.     The general consuming public of California widely recognizes the Blackbird Marks as designating Blackbird as the source of goods. Blackbird has common law trademark rights in the Blackbird Marks under California law.

75.     Defendants' activities alleged herein violate Plaintiff's exclusive and prior trademark rights under common law.  On information and belief Defendants have profited from this infringement.

76.     As a direct result of Defendants' actions, Plaintiff has been damaged by Defendants' wrongful acts and Defendants have been unjustly enriched.

## SEVENTH CLAIM FOR RELIEF

## COMMON LAW TRADE DRESS INFRINGEMENT

77.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 76, inclusive, and incorporates the said allegations as though fully set forth herein.

78.     Defendants' activities alleged herein violate Plaintiff's exclusive trade dress rights under common law.   Upon information and belief Defendants have profited from this infringement.

79.     As a direct result of Defendants' actions, Plaintiff has been damaged by Defendants' wrongful acts and Defendants have been unjustly enriched.

## EIGHTH CLAIM FOR RELIEF

## COMMON LAW UNFAIR COMPETITION

80.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1 through 79, inclusive, and incorporates the said allegations as though fully set forth herein.

81.     Defendants' actions alleged herein constitute trademark and trade dress infringement and violate California common law against acts of unfair competition.

82.     As a direct result of Defendants' actions, Plaintiff has been damaged by Defendants' wrongful acts and Defendants have been unjustly enriched.

///

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That the Court enter a judgment against Defendants, finding that Defendants have:

    a. Willfully infringed Plaintiff's rights in its federally registered trademarks;

    b. Willfully infringed Plaintiff's rights in common law trademarks and trade dress;

    c. Committed and are committing unfair competition;

    d. Otherwise injured the business reputation, goodwill and business of Plaintiff and irreparably harmed Plaintiff by the acts and conduct set forth in this Complaint.

2. That this Court issue temporary and permanent injunctive relief against Defendants, and each of them, and that Defendants, their agents, representatives, successors and assigns and all other in active concert or participation with Defendants, be enjoined and restrained from:

    a. Using the Blackswift Mark or any mark or trade dress that imitates or is likely to cause confusion with Plaintiff's Blackbird Marks or trade dress or engaging in any other infringing use of Plaintiff's Blackbird Marks or trade dress;

    b. Using any false or misleading representation or name that can or is likely to lead the industry or public erroneously to believe that any product has been manufactured, produced, distributed, offered for sale or distribution, sold promoted, displayed, sponsored, approved or authorized by or for Plaintiff, when such is not true in fact;

    c. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs above.

3. That Defendants and all of those in privity with or acting under their direction and/or control, be required to deliver for destruction all advertising, promotional materials, labels, caps, packaging, and any other materials bearing the infringing marks and trade dress together with all artwork and other means and materials for making and reproducing the same.

4. That the Court enter an order declaring that the Defendants hold in trust, as constructive trustee for the benefit of Plaintiff, all profits received by Defendants from their distribution or sale of infringing products and materials.

---

5. That the Court enter an order requiring Defendants to provide Plaintiff a full and complete accounting of all profits received by Defendants from their distribution or sale of infringing products and of any other amounts owing to Plaintiff as a result of Defendants' illegal acts.

6. That the Court order Defendants to pay Plaintiff's general, special, actual and statutory damages, including Defendants' profits, for Defendants' willful infringement of Plaintiff's trademarks.  The exact amount of damages is not known but on information and belief is $100,000.00 or more, according to proof.

7. That Plaintiff be awarded punitive damages as a result of Defendants' conduct.

8. That the Court order Defendants to pay Plaintiff the costs of this action and the reasonable attorneys' fees incurred by Plaintiff in prosecuting this action.

9. That the Court grant to Plaintiff such other and additional relief as may be just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL Case No. 3:18-cv-02724

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Seventh Amendment to the United States Constitution, Plaintiff hereby demands a trial by jury of all issues triable in the above action.

REIDY LAW GROUP

May 9, 2018                By: _____

Daniel A. Reidy
Luisa M. Bonachea

*Attorneys for Plaintiff Blackbird Vineyards, LLC*

# EXHIBIT A

Int. Cl.: 33

Prior U.S. Cls.: 47 and 49

**United States Patent and Trademark Office**

Reg. No. 3,549,365

Registered Dec. 23, 2008

## TRADEMARK
### PRINCIPAL REGISTER



POLENSKE, MICHAEL J. (UNITED STATES IN-
DIVIDUAL)
5033 BIG RANCH ROAD
NAPA, CA 94558

FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 5-26-2005; IN COMMERCE 5-26-2005.

THE MARK CONSISTS OF BLACK SILHOUETTE
OF A FLOCK OF BLACKBIRDS FLYING.

SER. NO. 77-421,829, FILED 3-14-2008.

HENRY S. ZAK, EXAMINING ATTORNEY

# United States of America
## United States Patent and Trademark Office



**Reg. No. 3,862,691**

**Registered Oct. 19, 2010**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

POLENSKE, MICHAEL J. (UNITED STATES INDIVIDUAL)
1330 OAK KNOLL
NAPA, CA 94558

FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 6-30-2008; IN COMMERCE 6-30-2008.

THE MARK CONSISTS OF BLACKBIRDS ON A WIRE.

SER. NO. 77-806,701, FILED 8-18-2009.

SETH A. RAPPAPORT, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

# United States of America

## United States Patent and Trademark Office



**Reg. No. 3,770,806**
Registered Apr. 6, 2010

POLENSKE, MICHAEL J. (UNITED STATES INDIVIDUAL)
1330 OAK KNOLL
NAPA, CA 94558

**Int. Cl.: 33**

FOR: WINES, IN CLASS 33 (U.S. CLS. 47 AND 49).

**TRADEMARK**
**PRINCIPAL REGISTER**

FIRST USE 3-26-2008; IN COMMERCE 3-26-2008.

THE MARK CONSISTS OF BLACKBIRDS SITTING ON GRAPE VINES. THE BLACKBIRDS ARE PERCHED ON THE CURVED PORTIONS OF THE VINES. THE BOTTOM OF THE MARK CONSISTS OF A SERIES OF BLACK INK MARKS.

SER. NO. 77-806,680, FILED 8-18-2009.

SETH A. RAPPAPORT, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,957,409**

**Registered May 10, 2016**

**Int. Cl.: 33**

**TRADEMARK**

**PRINCIPAL REGISTER**

BLACKBIRD VINEYARDS, LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
FIVE FINANCIAL PLAZA SUITE 105
NAPA, CA 94558

FOR: ALCOHOLIC BEVERAGES EXCEPT BEERS, IN CLASS 33 (U.S. CLS. 47 AND 49).

FIRST USE 9-1-2015; IN COMMERCE 9-1-2015.

OWNER OF U.S. REG. NOS. 3,549,365, 3,770,806, AND 3,862,691.

THE MARK CONSISTS OF BLACKBIRDS ON AND FLYING ABOVE TREE BRANCHES.

SN 86-664,483, FILED 6-16-2015.

INGA ERVIN, EXAMINING ATTORNEY



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

# EXHIBIT B

OMB No. 1513-0020

| FOR TTB USE ONLY | DEPARTMENT OF THE TREASURY |
|---|---|
| **TTB ID**<br>16124001000447 | **ALCOHOL AND TOBACCO TAX AND TRADE BUREAU**<br>**APPLICATION FOR AND**<br>**CERTIFICATION/EXEMPTION OF LABEL/BOTTLE**<br>**APPROVAL**<br>(See Instructions and Paperwork Reduction Act Notice on Back) |

| 1. REP. ID. NO. (If any) | CT<br>88 | OR<br>01 |
|---|---|---|

## PART I - APPLICATION

**2. PLANT REGISTRY/BASIC PERMIT/BREWER'S NO. (Required)**

BWN-CA-16568

**3. SOURCE OF PRODUCT (Required)**

◉ Domestic
◯ Imported

**8. NAME AND ADDRESS OF APPLICANT AS SHOWN ON PLANT REGISTRY, BASIC PERMIT OR BREWER'S NOTICE. INCLUDE APPROVED DBA OR TRADENAME IF USED ON LABEL (Required)**

PEEKABOO HILLS WINERY, TURKOVICH FAMILY WINES, LLC
30471 BUCKEYE RD

WINTERS CA 95694

BLACKSWIFT CELLARS (Used on label)

**4. SERIAL NUMBER (Required)**

16BLSW

**5. TYPE OF PRODUCT (Required)**

◉ WINE
◯ DISTILLED SPIRITS
◯ MALT BEVERAGE

**6. BRAND NAME (Required)**

BLACKSWIFT CELLARS

**7. FANCIFUL NAME (If any)**

**8a. MAILING ADDRESS, IF DIFFERENT**

**9. EMAIL ADDRESS**

**10. GRAPE VARIETAL(S) (If any)**

**11. FORMULA**

**18. TYPE OF APPLICATION (Check applicable box(es))**

a. ◉ CERTIFICATE OF LABEL APPROVAL

b. ◯ CERTIFICATE OF EXEMPTION FROM LABEL APPROVAL "For sale in _____ only" (Fill in State abbreviation.)

c. ◯ DISTINCTIVE LIQUOR BOTTLE APPROVAL. TOTAL BOTTLE CAPACITY BEFORE CLOSURE ____ ____ (Fill in amount)

d. ◯ RESUBMISSION AFTER REJECTION TTB ID. NO. _____

**12. NET CONTENTS**

750 MILLILITERS

**13. ALCOHOL CONTENT**

15.5

**14. WINE APPELLATION IF ON LABEL**

CALIFORNIA

**15. WINE VINTAGE DATE IF ON LABEL**

2014

**16. PHONE NUMBER**

(530) 383-6250

**17. FAX NUMBER**

(530) 795-3942

19. SHOW ANY INFORMATION THAT IS BLOWN, BRANDED, OR EMBOSSED ON THE CONTAINER (e.g., net contents) ONLY IF IT DOES NOT APPEAR ON THE LABELS AFFIXED BELOW. ALSO, SHOW TRANSLATIONS OF FOREIGN LANGUAGE TEXT APPEARING ON LABELS.

## PART II - APPLICANT'S CERTIFICATION

Under the penalties of perjury, I declare; that all statements appearing on this application are true and correct to the best of my knowledge and belief; and, that the representations on the labels attached to this form, including supplemental documents, truly and correctly represent the content of the containers to which these labels will be applied. I also certify that I have read, understood and complied with the conditions and instructions which are attached to an original TTB F 5100.31, Certificate/Exemption of Label/Bottle Approval.

**20. DATE OF APPLICATION**

05/03/2016

**21. SIGNATURE OF APPLICANT OR AUTHORIZED AGENT**

(Application was e-filed)

**22. PRINT NAME OF APPLICANT OR AUTHORIZED AGENT**

CHRIS TURKOVICH

## PART III - TTB CERTIFICATE

This certificate is issued subject to applicable laws, regulations and conditions as set forth in the instructions portion of this form.

| 23. DATE ISSUED | 24. AUTHORIZED SIGNATURE, ALCOHOL AND TOBACCO TAX AND TRADE BUREAU |
|---|---|
| 05/31/2016 | *Jessica M. G. Brust* |

## FOR TTB USE ONLY

**QUALIFICATIONS**

Approved despite error(s) in your GWS. When new labels are printed, change the statement so the spelling, punctuation, appearance, bold header, and capitalization are in compliance with 27 CFR 16, as follows: GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems. TTB has not reviewed this label for type size, characters per inch or contrasting background. The responsible industry member must continue to ensure that the mandatory information on the actual labels is displayed in the correct type size, number of characters per inch, and on a contrasting background in accordance with the TTB labeling regulations, 27 CFR parts 4, 5, 7, and 16, as applicable.

**STATUS**

THE STATUS IS APPROVED.

**CLASS/TYPE DESCRIPTION**

DESSERT /PORT/SHERRY/(COOKING) WINE

**EXPIRATION DATE (If any)**

---

AFFIX COMPLETE SET OF LABELS BELOW

Image Type:

Brand (front)
Actual Dimensions: 6.75 inches W X 3 inches H

Note: The image below has been reduced to fit the page. See actual dimensions above.



# EXHIBIT C


